FILED
10/11/24 3:44 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: : | Case No. 24-22467-GLT |
| : | |
| **ALFONSO AMELIO**, : | Chapter 13 |
| : | |
| *Debtor*. : | Related to Dkt. No(s).1, 26, 42 |
| : | |

**ORDER DISMISSING BANKRUPTCY CASE
FOR FAILURE TO PAY FILING FEE**

The Debtor, Alfonso Amelio, initiated this case on August 26, 2024 by filing a voluntary petition for chapter 13 relief in the U.S. Bankruptcy Court for the Middle District of Florida.[1] At his request, the case was transferred to the Western District of Pennsylvania on October 7, 2024.[2]  This is now the third case the Debtor has pursued in this venue and represents his seventh bankruptcy case during the past 11 years.[3]

The Debtor requested the ability to pay the filing fee in installments.  His request was granted and the first installment of $71 was due on September 25, 2024 via cashier's check or money order.[4]   After review of the docket in this case, the Court finds that the initial installment was not timely received by the Court in either Florida or Pennsylvania.  Because the August 28, 2024 Order warned that the case would be dismissed upon nonpayment, the Debtor was aware of the consequence for failing to adhere to the payment schedule.  For these reasons, the Court finds cause to dismiss the bankruptcy case.

The Debtor is no stranger to the bankruptcy courts, and thus it is appropriate to consider whether the dismissal should be with prejudice.  Previously, this Court determined that

---

[1]     Dkt. No. 1.

[2]     Dkt. No. 42

[3]     See also Case Nos. 20-23552; 21-22269.  In addition, the Debtor previously filed at least four prior cases in the Southern District of New York and the District of Connecticut. See In re Alfonso Amelio, Case No. 13-10982 (Bankr.S.D.N.Y), 14-13272 (Bankr.S.D.N.Y.); 16-10236 (Bankr.S.D.N.Y.); 20-50999 (Bankr.D.Ct.).

[4]     See Dkt. No. 7.

Debtor's serial bankruptcy filings and his failure to proceed in good faith constituted an abuse of the bankruptcy system.  Accordingly, the Court dismissed Case No. 20-23552 with prejudice and instituted a two-year filing bar on October 20, 2021.[5]  Knowing that the Court was considering a filing bar, the Debtor filed a new bankruptcy case on October 18, 2021 and neglected to pay the case filing fee.[6]  The Court subsequently dismissed the 2021 case, but the filing fee was never satisfied.[7]  The Debtor then appealed the dismissal of Case No. 21-22269 to the District Court, yet once again failed to pay the fees associated with the appeal despite several extensions to do so.[8]  To the Court's knowledge, those fees remain unpaid to this day.

After considering these facts, it appears the Debtor repeatedly seeks to avail himself of the bankruptcy courts without adhering to his obligations to pay the necessary fees. Because it is clear this is part of a pattern of abuse, the Court finds it appropriate to dismiss the current case with prejudice and will impose a 90-day bar against re-filing.

To the extent the Debtor cures the defect, the Court will entertain a motion for reconsideration filed within 14 days of this Order, provided that:

(a)     Payment of the remaining balance of the case filing fee in the amount of $313 is received by the Clerk of this Court via cashier's check or money order within 14 days of this Order; and

(b)     Within 14 days of this Order, the Debtor separately files an amended chapter 13 plan that complies with W.Pa.LBR 3015-1 and is in substantial conformity with Local Bankruptcy Form 10 (Chapter 13 Plan).

---

[5]     Case No. 20-23552, Dkt. No. 207.
[6]     Case No. 21-22269.
[7]     Case No. 21-22269, Dkt. No. 8.
[8]     Case No. 21-22269, Dkt. No. 29.

The Debtor is further advised that, based on his past conduct and inability to attend prior proceedings, he shall not be afforded the privilege of participating in bankruptcy proceedings remotely.  In any case pending before this Court, Alfonso Amelio shall be expected to attend every hearing, conciliation, and section 341 meeting of creditors *in person*.

Based upon the foregoing, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1.      The Debtor's case is hereby **DISMISSED WITH PREJUDICE**. Pursuant to 11 U.S.C. §§ 105(a) and 349(a) and applicable law, the Debtor, Alfonso Amelio, is hereby prohibited and enjoined from filing another bankruptcy case for a period of 90 days from the date of this Order.

2.      The Debtor shall remain legally liable for all his debts as if the bankruptcy petition had not been filed.  Creditor collection remedies are reinstated pursuant to 11 U.S.C. § 349.  Creditors are directed to 11 U.S.C. § 108(c) for time limits on filing a lawsuit to collect. Generally, a creditor's lawsuit must be filed before either (a) the time deadline imposed by state law, or (b) 30 days after date of this Order, whichever is later.

3.      This case is to be administratively closed as of the effective date.  The Court shall retain jurisdiction over the trustee's final report and account, as well as the trustee's certificate of distributed funds.  Following submission of a final accounting and certification of distributed funds, the trustee shall be deemed discharged from her duties in this case and this case shall be deemed closed without further Order of Court.

Dated: October 11, 2024

_____
**GREGORY L. TADDONIO, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT**

Case administrator to mail to:
Debtor