| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | Alfonso _____ Amelio _____ <br> First Name    Middle Name    Last Name |
| Debtor 2 <br> (Spouse, if filing) | _____ _____ _____ <br> First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the Western District of Pennsylvania | |
| Case number <br> (if known) | 24-22467-GLT |

☒ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Amended Middle District Florida Tampa pursuant to W.Pa.LBR 3015-1, Form 10

# Western District of Pennsylvania
# Chapter 13 Plan Dated: Oct 25, 2024

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable. The terms of this plan control unless otherwise ordered by the court.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** *YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN. YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED.*

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

*IF YOU OPPOSE THIS PLAN'S TREATMENT OF YOUR CLAIM OR ANY PROVISION OF THIS PLAN, YOU OR YOUR ATTORNEY MUST FILE AN OBJECTION TO CONFIRMATION AT LEAST SEVEN (7) DAYS BEFORE THE DATE SET FOR THE CONFIRMATION HEARING, UNLESS OTHERWISE ORDERED BY THE COURT. THE COURT MAY CONFIRM THIS PLAN WITHOUT FURTHER NOTICE IF NO OBJECTION TO CONFIRMATION IS FILED. SEE BANKRUPTCY RULE 3015. IN ADDITION, YOU MAY NEED TO FILE A TIMELY PROOF OF CLAIM IN ORDER TO BE PAID UNDER ANY PLAN.*

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If the "Included" box is unchecked or both boxes are checked on each line, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of any claim or arrearages set out in Part 3, which may result in a partial payment or no payment to the secured creditor (a separate action will be required to effectuate such limit) | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 (a separate action will be required to effectuate such limit) | ☐ Included | ☒ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 9 | ☐ Included | ☒ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee:**

Total amount of $ 102.33 per month for a total plan term of 60 months shall be paid to the trustee from future earnings as follows:

| Payments | By Income Attachment | Directly by Debtor | By Automated Bank Transfer |
|---|---|---|---|
| D#1 | $0.00 | $102.33 | $0.00 |
| D#2 | $0.00 | $0.00 | $0.00 |
| | (Income attachments must be used by debtors having attachable income) | | (SSA direct deposit recipients only) |

**2.2 Additional payments:**

☐ **Unpaid Filing Fees.** The balance of $ _____ shall be fully paid by the Trustee to the Clerk of the Bankruptcy Court from the first available funds.

Check one.

☒ **None.** If "None" is checked, the rest of Section 2.2 need not be completed or reproduced.

☐ The debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

_____

**2.3** The total amount to be paid into the plan (plan base) shall be computed by the trustee based on the total amount of plan payments plus any additional sources of plan funding described above.

### Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any, on Long-Term Continuing Debts.**

Check one.

☒ **None.** If "None" is checked, the rest of Section 3.1 need not be completed or reproduced.

☐ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed by the trustee. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, without interest. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. If monthly payment changes exist, state the amounts and effective dates of the changes.

| Name of creditor and redacted account number | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Effective date (MM/YYYY) |
|---|---|---|---|---|
|  |  | $0.00 | $0.00 |  |

Insert additional claims as needed.

**3.2 Request for valuation of security, payment of fully secured claims, and/or modification of undersecured claims.**

Check one.

☒ **None.** If "None" is checked, the rest of Section 3.2 need not be completed or reproduced.

☐ Fully paid at contract terms with no modification

| Name of creditor and redacted account number | Collateral | Amount of secured claim | Interest rate | Monthly payment to creditor |
|---|---|---|---|---|
|  |  | $0.00 | 0% | $0.00 |

☐ Fully paid at modified terms

| Name of creditor and redacted account number | Collateral | Amount of secured claim | Interest rate | Monthly payment to creditor |
|---|---|---|---|---|
|  |  | $0.00 | 0% | $0.00 |

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☐ The debtor(s) will request, *by filing a separate motion pursuant to Rule 3012*, that the court determine the value of the secured claims listed below.

For each secured claim listed below, the debtor(s) state that the value of the secured claims should be as set out in the column headed *Amount of secured claim*. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 (provided that an appropriate order of court is obtained through a motion pursuant to Rule 3012).

| Name of creditor and redacted account number | Estimated amount of creditor's total claim (See Para. 8.7 below) | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor |
|---|---|---|---|---|---|---|---|
| | $0.00 | | $0.00 | $0.00 | $0.00 | 0% | $0.00 |

Insert additional claims as needed.

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

Check one.

☒ **None.** If "None" is checked, the rest of Section 3.3 need not be completed or reproduced.

☐ The claims listed below were either:

(1) Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for personal use of the debtor(s), or

(2) Incurred within one (1) year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

| Name of creditor and redacted account number | Collateral | Amount of claim | Interest rate | Monthly payment to creditor |
|---|---|---|---|---|
| | | $0.00 | 0% | $0.00 |

Insert additional claims as needed.

**3.4 Lien Avoidance.**

Check one.

☒ **None.** If "None" is checked, the rest of Section 3.4 need not be completed or reproduced. *The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☐ The judicial liens or nonpossessory, nonpurchase-money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). The debtor(s) will request, *by filing a separate motion*, that the court order the avoidance of a judicial lien or security interest securing a claim listed below to the extent that it impairs such exemptions. The amount of any judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.

| Name of creditor and redacted account number | Collateral | Modified principal balance* | Interest rate | Monthly payment or pro rata |
|---|---|---|---|---|
| | | $0.00 | 0% | $0.00 |

Insert additional claims as needed.

*If the lien will be wholly avoided, insert $0 for Modified principal balance.

**3.5 Surrender of Collateral.**

Check one.

☒ **None.** If "None" is checked, the rest of Section 3.5 need not be completed or reproduced.

☐ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon final confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5.

| Name of creditor and redacted account number | Collateral |
|---|---|

___

Insert additional claims as needed.

### 3.6 Secured tax claims.

| Name of taxing authority | Total amount of claim | Type of tax | Interest rate* | Identifying number(s) if collateral is real estate | Tax periods |
|---|---|---|---|---|---|
| | | | | | |

Insert additional claims as needed.

\* The secured tax claims of the Internal Revenue Service, Commonwealth of Pennsylvania, and any other tax claimants shall bear interest at the statutory rate in effect as of the date of confirmation.

## Part 4:    Treatment of Fees and Priority Claims

### 4.1 General.

Trustee's fees and all allowed priority claims, including Domestic Support Obligations other than those treated in Section 4.5, will be paid in full without postpetition interest.

### 4.2 Trustee's fees.

Trustee's fees are governed by statute and may change during the course of the case. The trustee shall compute the trustee's percentage fees and publish the prevailing rates on the court's website for the prior five years. It is incumbent upon the debtor(s)' attorney or debtor (if *pro se*) and the trustee to monitor any change in the percentage fees to ensure that the plan is adequately funded.

### 4.3 Attorney's fees.

Attorney's fees are payable to N/A/ pro se_____. In addition to a retainer of $0.00_____ (of which $0.00_____ was a payment to reimburse costs advanced and/or a no-look costs deposit) already paid by or on behalf of the debtor, the amount of $0.00_____ is to be paid at the rate of $0.00_____ per month. Including any retainer paid, a total of $0.00_____ in fees and costs reimbursement has been approved by the court to date, based on a combination of the no-look fee and costs deposit and previously approved application(s) for compensation above the no-look fee. An additional $0.00_____ will be sought through a fee application to be filed and approved before any additional amount will be paid through the plan, and this plan contains sufficient funding to pay that additional amount, without diminishing the amounts required to be paid under this plan to holders of allowed unsecured claims.

☐ Check here if a no-look fee in the amount provided for in Local Bankruptcy Rule 9020-7(c) is being requested for services rendered to the debtor(s) through participation in the bankruptcy court's Loss Mitigation Program (do not include the no-look fee in the total amount of compensation requested, above).

### 4.4 Priority claims not treated elsewhere in Part 4.

☒ None. If "None" is checked, the rest of Section 4.4 need not be completed or reproduced.

| Name of creditor and redacted account number | Total amount of claim | Interest rate (0% if blank) | Statute providing priority status |
|---|---|---|---|
| | $0.00 | 0% | |

Insert additional claims as needed.

### 4.5 Priority Domestic Support Obligations not assigned or owed to a governmental unit.

Check one.

☒ None. If "None" is checked, the rest of Section 4.5 need not be completed or reproduced.

If the debtor(s) is/are currently paying Domestic Support Obligations through existing state court order(s) and leaves this section blank, the debtor(s) expressly agrees to continue paying and remain current on all Domestic Support Obligations through existing state court orders.

☐ Check here if this payment is for prepetition arrearages only.

| Name of creditor (specify the actual payee, e.g. PA SCDU) | Description | Claim | Monthly payment or pro rata |
|---|---|---|---|
| | | $0.00 | $0.00 |

Insert additional claims as needed.

**4.6 Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount.**

Check one.

☒ **None.** If "None" is checked, the rest of Section 4.6 need not be completed or reproduced.

☐ The allowed priority claims listed below are based on a Domestic Support Obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). This provision requires that payments in Section 2.1 be for a term of 60 months. See 11 U.S.C. § 1322(a)(4).

| Name of creditor | Amount of claim to be paid |
|---|---|
| | $0.00 |

Insert additional claims as needed.

**4.7 Priority unsecured tax claims paid in full.**

Check one.

☒ **None.** If "None" is checked, the rest of Section 4.7 need not be completed or reproduced.

| Name of taxing authority | Total amount of claim | Type of tax | Interest rate (0% if blank) | Tax periods |
|---|---|---|---|---|
| | $0.00 | | 0% | |

Insert additional claims as needed.

**4.8 Postpetition utility monthly payments.**

The provisions of this Section 4.8 are available only if the utility provider has agreed to this treatment. The charges for post petition utility service are allowed as an administrative claim. These payments comprise a single monthly combined payment for postpetition utility services, any postpetition delinquencies, and unpaid security deposits. The claim payment will not change for the life of the plan unless amended. Should the utility obtain an order authorizing a payment change, the debtor(s) will be required to file an amended plan. These payments may not resolve all of the postpetition claims of the utility. Any unpaid post petition utility claims will survive discharge and the utility may require additional funds from the debtor(s) after discharge.

| Name of creditor and redacted account number | Monthly payment | Postpetition account number |
|---|---|---|
| | $0.00 | |

Insert additional claims as needed.

## Part 5:   Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Debtor(s) **ESTIMATE(S)** that a total of $ 102.33 will be available for distribution to nonpriority unsecured creditors.

Debtor(s) **ACKNOWLEDGE(S)** that a **MINIMUM** of $ 5,565,579.21 shall be paid to nonpriority unsecured creditors to comply with the liquidation alternative test for confirmation set forth in 11 U.S.C. § 1325(a)(4).

The total pool of funds estimated above is **NOT** the **MAXIMUM** amount payable to this class of creditors. Instead, the actual pool of funds available for payment to these creditors under the plan base will be determined only after audit of the plan at time of completion. The estimated percentage of payment to general unsecured creditors is 0.42 %. The percentage of payment may change, based upon the total amount of allowed claims. Late-filed claims will not be paid unless all timely filed claims have been paid in full. Thereafter, all late-filed claims will be paid pro-rata unless an objection has been filed within thirty (30) days of filing the claim. Creditors not specifically identified elsewhere in this plan are included in this class.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.**

Check one.

☒ **None.** If "None" is checked, the rest of Section 5.2 need not be completed or reproduced.

☐ The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed by the trustee. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee.

| Name of creditor and redacted account number | Current installment payment | Amount of arrearage to be paid on the claim | Estimated total payments by trustee | Payment beginning date (MM/YYYY) |
|---|---|---|---|---|
| | $0.00 | $0.00 | $0.00 | |

Insert additional claims as needed.

**5.3 Other separately classified nonpriority unsecured claims.**

Check one.

☒ **None.** If "None" is checked, the rest of Section 5.3 need not be completed or reproduced.

☐ The allowed nonpriority unsecured claims listed below are separately classified and will be treated as follows:

| Name of creditor and redacted account number | Basis for separate classification and treatment | Amount of arrearage to be paid | Interest rate | Estimated total payments by trustee |
|---|---|---|---|---|
| | | $0.00 | 0% | $0.00 |

Insert additional claims as needed.

### Part 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

Check one.

☒ **None.** If "None" is checked, the rest of Section 6.1 need not be completed or reproduced.

☐ Assumed items. Current installment payments will be disbursed by the trustee. Arrearage payments will be disbursed by the trustee.

| Name of creditor and redacted account number | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee | Payment beginning date (MM/YYYY) |
|---|---|---|---|---|---|
| | | $0.00 | $0.00 | $0.00 | |

Insert additional claims as needed.

### Part 7: Vesting of Property of the Estate

**7.1 Property of the estate shall not re-vest in the debtor(s) until the debtor(s) have completed all payments under the confirmed plan.**

### Part 8:  General Principles Applicable to All Chapter 13 Plans

8.1   This is the voluntary chapter 13 reorganization plan of the debtor(s). The debtor(s) understand and agree(s) that the chapter 13 plan may be extended as necessary by the trustee (up to any period permitted by applicable law) to insure that the goals of the plan have been achieved. Notwithstanding any statement by the trustee's office concerning amounts needed to fund a plan, the adequacy of plan funding in order to meet the plan goals remains the sole responsibility of debtor(s) and debtor(s)' attorney. It shall be the responsibility of the debtor(s) and debtor(s)' attorney to monitor the plan to ensure that the plan remains adequately funded during its entire term.

8.2   Prior to the meeting of creditors, the debtor(s) shall comply with the tax return filing requirements of 11 U.S.C § 1308 and provide the trustee with documentation of such compliance by the time of the meeting. Debtor(s)' attorney or debtor(s) (if *pro se*) shall provide the trustee with the information needed for the trustee to comply with the requirements of 11 U.S.C. § 1302 as to the notification to be given to Domestic Support Obligation creditors, and debtor(s)' attorney or debtor(s) (if *pro se*) shall provide the trustee with the calculations relied upon to determine the debtor(s)' current monthly income and disposable income.

8.3   The debtor(s) shall have a duty to inform the trustee of any assets acquired while the chapter 13 case is pending, such as insurance proceeds, recovery on any lawsuit or claims for personal injury or property damage, lottery winnings, or inheritances. The debtor(s) must obtain prior court approval before entering into any postpetition financing or borrowing of any kind, and before selling any assets.

8.4   Unless otherwise stated in this plan or permitted by a court order, all claims or debts provided for by the plan to receive a distribution shall be paid by and through the trustee.

8.5   Percentage fees to the trustee are paid on receipts of plan payments at the rate fixed by the United States Trustee. The trustee has the discretion to adjust, interpret, and implement the distribution schedule to carry out the plan, provided that, to the extent the trustee seeks a material modification of this plan or its contemplated distribution schedule, the trustee must seek and obtain prior authorization of the court. The trustee shall follow this standard plan form sequence unless otherwise ordered by the court:

| | |
|---|---|
| Level One: | Unpaid filing fees. |
| Level Two: | Secured claims and lease payments entitled to 11 U.S.C. § 1326(a)(1)(C) pre-confirmation adequate protection payments. |
| Level Three: | Monthly ongoing mortgage payments, ongoing vehicle and lease payments, installments on professional fees, and postpetition utility claims. |
| Level Four: | Priority Domestic Support Obligations. |
| Level Five: | Mortgage arrears, secured taxes, rental arrears, vehicle payment arrears. |
| Level Six: | All remaining secured, priority and specially classified claims, and miscellaneous secured arrears. |
| Level Seven: | Allowed nonpriority unsecured claims. |
| Level Eight: | Untimely filed nonpriority unsecured claims for which an objection has not been filed. |

8.6   As a condition to the debtor(s)' eligibility to receive a discharge upon successful completion of the plan, debtor(s)' attorney or debtor(s) (if *pro se*) shall file Local Bankruptcy Form 24 (Debtor's Certification of Discharge Eligibility) with the court within forty-five (45) days after making the final plan payment.

8.7   The provisions for payment to secured, priority, and specially classified unsecured creditors in this plan shall constitute claims in accordance with Bankruptcy Rule 3004. Proofs of claim by the trustee will not be required. In the absence of a contrary timely filed proof of claim, the amounts stated in the plan for each claim are controlling. The clerk shall be entitled to rely on the accuracy of the information contained in this plan with regard to each claim. Unless otherwise ordered by the court, if a secured, priority, or specially classified creditor timely files its own claim, then the creditor's claim shall govern, provided the debtor(s) and debtor(s)' attorney have been given notice and an opportunity to object. The trustee is authorized, without prior notice, to pay claims exceeding the amount provided in the plan by not more than $250.

8.8   Any creditor whose secured claim is not modified by this plan and subsequent order of court shall retain its lien.

8.9   Any creditor whose secured claim is modified or whose lien is reduced by the plan shall retain its lien until the underlying debt is discharged under 11 U.S.C. § 1328 or until it has been paid the full amount to which it is entitled under applicable nonbankruptcy law, whichever occurs earlier. Upon payment in accordance with these terms and entry of a discharge order, the modified lien will terminate and be released. The creditor shall promptly cause all mortgages, liens, and security interests encumbering the collateral to be satisfied, discharged, and released.

8.10  The provisions of Sections 8.8 and 8.9 will also apply to allowed secured, priority, and specially classified unsecured claims filed after the bar date. ***LATE-FILED CLAIMS NOT PROPERLY SERVED ON THE TRUSTEE AND THE DEBTOR(S)' ATTORNEY OR DEBTOR(S) (IF PRO SE) WILL NOT BE PAID.*** The responsibility for reviewing the claims and objecting where appropriate is placed upon the debtor(s).

### Part 9:  Nonstandard Plan Provisions

**9.1 Check "None" or List Nonstandard Plan Provisions.**

☒ **None.** If "None" is checked, the rest of part 9 need not be completed or reproduced.

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

*The following plan provisions will be effective only if the applicable box in Part 1 is checked. Any provision set forth herein is subject to court approval after notice and a hearing upon the filing of an appropriate motion.*

---

## Part 10: Signatures

### 10.1 Signatures of Debtor(s) and Debtor(s)' Attorney.

By signing this plan the undersigned, as debtor(s)' attorney or the debtor(s) (if pro se), certify(ies) that I/we have reviewed any prior confirmed plan(s), order(s) confirming prior plan(s), proofs of claim filed with the court by creditors, and any orders of court affecting the amount(s) or treatment of any creditor claims, and except as modified herein, this proposed plan conforms to and is consistent with all such prior plans, orders, and claims. False certifications shall subject the signatories to sanctions under Bankruptcy Rule 9011.

If the debtor(s) do not have an attorney, the debtor(s) must sign below; otherwise the debtor(s)' signatures are optional. The attorney for the debtor(s), if any, must sign below.

*By filing this document, debtor(s)' attorney or debtor(s) (if pro se), also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in the standard chapter 13 plan form adopted for use by the United States Bankruptcy Court for the Western District of Pennsylvania, other than any nonstandard provisions included in Part 9. It is further acknowledged that any deviation from the standard plan form shall not become operative unless it is specifically identified as a "nonstandard" term and is approved by the court in a separate order.*

**X /s/ Alfonso Amelio**                                         **X**
Signature of Debtor 1                                             Signature of Debtor 2

Executed on  10/25/2024                                           Executed on
            MM/DD/YYYY                                                        MM/DD/YYYY

**X**                                                              Date
Signature of debtor(s)' attorney                                   MM/DD/YYYY

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>ALFONSO AMELIO,<br><br>Debtor. | Case No. 24-22467-GLT<br>Chapter 13 |

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that I served above captioned pleading, AMENDED CHAPTER 13 PLAN, via electronic and/or USPS First Class Mail on the parties at the addresses specified below and attached service list.

Dated: October 25, 2024    /s/ *Alfonso Amelio*
Alfonso Amelio, Respondent Pro Se
37 Main Street #337
New Milford, CT 06776
Ph: 412-612-6774

Via electronic and/or First-Class US Mail
Ronda J. Winnecour
Suite 3250, USX Tower
600 Grant Street
Pittsburgh, PA 15219
*Chapter 13 Trustee*

U.S. Trustee
Office of the United States Trustee
Liberty Center
1001 Liberty Avenue, Suite 970
Pittsburgh, PA 15222

# SERVICE LIST

AEJ 160 E 89th LLC
c/o Kossoff, PLLC
217 Broadway, Suite 401
New York, NY 10007

Ally Financial
Attn: Bankruptcy Dept
PO Box 130424
Roseville, MN 55113

Jenelle C. Arnold
ALDRIDGE PITE, LLP
Attorneys for Nationstar Mortgage LLC
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933

American Agencies
2491 Paxton St
Harrisburg, PA 17111-1036

America's Servicing Co
Attn: Bankruptcy Dept
3476 Stateview Blvd
Fort Mill, SC 29715-7203

American Express Centurion Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

American Tax Funding, LLC
PO Box 863517
Orlando, FL 32886-3517

Ameriquest Mortgage Co
15301 Spectrum Dr Ste 450
Addison, TX 75001-6436

AMGRO
100 North Pkwy
Worcester, MA 01605-1349

Amity Associates
PO Box 123
Mount Freedom, NJ 07970-0123

ASC Collections
PO Box 7739
Rochester, MN 55903-7739

Whitehall Properties II LLC
Todd Nashins
Borah, Goldstein, Altschuler, Nahins & Goidel, P.C.
377 Broadway
New York, NY 10013-3993

BAC Home Loans Servicing
f/k/a Countrywide Home Loans Servicing,
1800 Tapo Canyon Rd
Simi Valley, CA 93063-6712

Bank of America
f/k/a Countrywide Home Loans Servicing,
1800 Tapo Canyon Rd
Simi Valley, CA 93063-6712

Diana Eng
Blank Rome LLP (NYC)
1271 Avenue of the Americas
New York, NY 10020
Counsel for Ocwen Loan Servicing, LLC

AEJ 160 E 89 ST LLC
Brian Y. Epstein, Esq.
BELKIN BURDEN GOLDMAN, LLP
60 E 42nd St, 16th Floor
New York, New York 10165

Brandt, Milnes & Rea, P.C.
310 Grant St Ste 1109
Pittsburgh, PA  15219-2227

Capital One, N.A.
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

Capital One Financial Corporation
1680 Capital One Drive
McLean, VA 22102

Charter Communications
Spectrum Corporate Headquarter
400 Washington Blvd.
Stamford, CT 06902

CIT Bank, N.A., fka OneWest Bank, N.A.,
fka OneWest Bank, FSB
P.O. Box 9013
Addison, Texas 75001

CitiBank USA N.A.
PO Box 6181
Sioux Falls, SD 57117-6181

City of Middletown
16 James St
Middletown, NY 10940-5724\

Colony Pointe Townhouse Assoc
102 Broadway St Ste 500
Carnegie, PA 15106-2486

Consolidated Edison of New York, Inc.
Att. Law Department
4 Irving Place RM 1875
New York, NY 10003

Convergent Outsourcing, Inc.
PO Box 9004
Renton, WA 98057

CountryWide Home Loans
450 American St
Simi Valley, CA 93065-6285

Credit Center Inc
7 Finance Dr
Danbury, CT 06810-4133

Credit Collection Services
PO Box 447
Norwood, MA 02062-0447

Jamie C. Krapf
Crowell & Moring LLP (NYC)
590 Madison Avenue
New York, NY 10022
Counsel for Mcabe, Wesiburg & Conway, P.C.

Daniel Brownstein and Maya Lahav
400 Birch Pl
Westfield, NJ 07090-4302

Department of Environmental Protection
Customer Service Center
59–17 Junction Boulevard, 13th Floor
Flushing, NY 11373

Deutsche Bank National Trust
c/o Ocwen Loan Servicing, LLC
PO Box 24605
West Palm Beach, FL 33416-4605

Jonathan B. Nelson, Esq.
Dorf & Nelson LLP
The International Corporate Center
555 Theodore Fremd Avenue, Rye, NY 10580
Counsel for Concrete Properties LLC

Ida A. Moghimi-Kian, esq.
Diaz Anselmo & Associates, P.A.
Attorneys for Creditor
P.O. BOX 19519
Fort Lauderdale, FL 33318

EMC Mortgage, LLC
2780 Lake Vista Dr
Lewisville, TX 75067-3884

Eiges & Orgel
233 Broadway Rm 2205
New York, NY  10279-2300

Eversource Energy
300 Cadwell Drive
Springfield, MA 01104

Zachary Gold, Esq.
FRIEDMAN VARTOLO LLP Attorneys for Plaintiff
85 Broad Street
Suite 501
New York, NY 10004

Federal National Mortgage Association
c/o Seterus, Inc.
PO Box 1047
Hartford, CT 06143

Gregg P. Tabakin
Fein, Such Fein, Such, Kahn &

Shepard, P.C (NJ )
7 Century Drive, Suite 201
Parsippany, NJ 07054
Counsel for Fein, Such & Crane LLP

First Horizon
PO Box 1545
Memphis, TN 38101-1545

First Tennessee Bank, Nat'l Assoc
PO Box 1469
Knoxville, TN 37901-1469

Fischer and Burstein, P.C.
98 Cuttermill Rd
Great Neck, NY 11021-3036

Alyssa Anne Sussman
Goodwin Procter, LLP (NYC)
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Counsel for Quicken Loans, Inc.

Galia Houri
Eyal Ronen
3228 Schley Avenue
Bronx, NY 10465

Gross Polowy, LLC
Attorneys for Nationstar Mortgage LLC
Attn: Ahret A. VanHorn, Esq.
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221

Harry Burstein
Fischer and Burstein, P.C.
98 Cutter Mill Road
Great Neck, NY 11021

Fischer and Burstein, P.C.
98 Cuttermill Rd
Great Neck, NY 11021-3036

Jonathan Schwalb, Esq.
FRIEDMAN VARTOLO LLP
85 Broad Street Suite 501
New York, New York 10004

Home Dept/ Citibank
Attn: Bankruptcy Dept.
P.O. Box 6497
Sioux Falls, SD 57117

Anthony J. Ortiz, Esq.
Friedman Vartolo LLP
85 Broad Street, Suite 501
New York, NY 10004

FRIEDMAN VARTOLO LLP
1325 Franklin Avenue, Suite 160
Garden City, NY 11530

Francesca A. Arcure, Esq
Hill Wallack LLP
21 Roszel Road
Princeton, NJ 08543-5226
Attornieys for MTGLQ Investors, LP

Greenspoon Marder LLP
Trade Centre South
100 W. Cypress Creek Road, Suite 700
Fort Lauderdale, FL 33309
Attorneys for Real Estate Growth Fund, LLC

Homeq
PO Box 13716
Sacramento, CA 95853-3716

Homeward Residential
1525 S Belt Line Rd
Coppell, TX 75019-4913

HSBC Bank USA,N.A.
2929 Walden Ave C17
Attn Business Services
Depew, NY 14043

IC Systems
PO Box 64378
Saint Paul, MN 55164

IndyMac Bank
PO Box 4045
Kalamazoo, MI 49003

Jeanne Omlor
30190 US Hwy 19N #1144
Clearwater, FL 33761

Angelina E. Lim
Johnson, Pope, Bokor, Ruppel & Burns, LLP
401 E. Jackson Street, Ste 3100
Tampa, FL 33602

Kohls
PO Box 3115
Milwaukee, WI 53201-3115

Louis A. Levithan, Esq.
Knuckles, Komosinski, & Manfro, LLP
565 Taxter Road, Suite 590
Elmsford, NY 10523

Leopold & Associates, PLLC.
80 Business Park Drive, Suite 110
Armonk, NY 10504

Mackiewicz & Associates, LLC
625 Washington St
Hoboken, NJ  07030-4921

Christian Savio, Esq.
LAW OFFICES OF MANDEL, MANGANELLI & LEIDER, P.A.
Attorneys for Wilmington Savings
1900 NW Corporate Blvd., Suite 305W
Boca Raton, FL 33431

McCabe, Weisberg & Conway, LLC
Attorneys for DEUTSCHE BANK NATIONAL TRUST COMPANY
145 Huguenot Street, Suite 210
New Rochelle, NY 10801

Charles Jeanfreau
McCalla Raymer Leibert Pierce, LLC
485 Route 1 South, Building F Suite 300
Iselin, NJ 08830
*Counsel for Federal National Mortgage Association, Seterus, Inc. and One West Bank, N.A.*

Chelsea Nixon
McCabe, Weisberg & Conway, LLC
Suite 1400
123 South Broad Street
Philadelphia, PA 19109

Paul MacPherson
250 Sweet Gum Road
Pittsburgh, PA 15238-1348

PNC Bank
PO Box 5570
Cleveland, OH 44101-0570

MTGLQ Investors, LP
c/o KML Law Group, PC
216 Haddon Ave Ste 406
Westmont, NJ 08108-2812

MTGLQ Investors, LP
Rushmore Loan Management Services, LLC
P.O. Box 55004
Irvine, CA 92619-2708

Nationstar
PO Box 619096
Dallas, TX 75261-9096

Nationstar Mortgage
350 Highland Dr
Lewisville, TX 75067

Nationstar Mortgage
PO Box 130536
Dallas, TX 75313

Norris McLaughlin & Marcus, P.A.
Attorneys for Colony Pointe
Townhouse Association, Inc.
c/o Melissa A. Pena, Esq
875 Third Avenue, 8th Floor
New York, NY 10022

NRZ REO VIII, LLC
KML LAW GROUP, P.C. Attn: Thomas Puleo,
701 Market St
Philadelphia, PA 19106-1538

NS161, LLC
c/o SN Servicing Corp
323 5th St
Eureka, CA 95501-0305

Ocwen Loan Servicing
PO Box 24646
West Palm Beach, FL 33416

One West Bank
6900 Beatrice Dr.
Kalamazoo, MI 49009

Orange and Rockland Utilities, Inc
390 West Route 59
Spring Valley, NY 10977

Pittsburgh Water & Sewer Authority
GRB Law
437 Grant Stree, 14th Floor
Frick Building
Pittsburgh, PA 15219-6101

Phillips Lytle, LLP
First Federal Plaza
28 E Main St Ste 1400
Rochester, NY 14614-1935

PNC Mortgage
PO Box 5570
Cleveland, OH 44101

Michael Pellegrino
Pellegrino & Feldstein, L.L.C.
290 Route 46
West Denville, NJ 07834

Quicken Loans
1050 Woodward Ave
Detroit, MI 48226-1906

Veronica M. Rundle, Esq.
RAS Boriskin, LLC
900 Merchants Concourse
Westbury, New York 11590

Real Time Resolutions
1349 Empire Central Dr Ste 1
Dallas, TX 75247-4066

Miriam Rosenblatt
Robertson, Anschutz & Schneid, P.L
Attorneys for Deutsche Bank
National Trust Company
6409 Congress Ave
Boca Raton, FL 33487

Rosicki, Rosicki & Assoc
51 E Bethpage Rd
Plainview, NY 11803-4224

Rushmore Capital Partners, LLC
65 Broadway Ste 835
New York, NY 10006-2503

Rushmore Loan Management Services
PO Box 55004
Irvine, CA 92619-5004

Alina H. Eyet
Sandelands Eyet, LLP
145 Pine Haven Shores Road
Shelburne, VT 05482

Saxton Mortgage Services
4718 Mercantile Dr
Fort Worth, TX 76137-3605

Specialized Loan Servicing
8742 Lucent Blvd Ste 300
Highlands Ranch, CO 80129-2386

THE LAW OFFICES OF JEREMY S. SUSSMAN
Attorneys for NS161, LLC
225 Broadway, Suite 3800
New York, NY 10007

SW Credit Systems
4120 International Pkwy Ste 1100
Carrollton, TX  75007-1958

Town of New Milford
c/o Jessica Grossarth Kennedy, Esq.
Pullman & Comley, LLC
850 Main Street, 8th Floor
Bridgeport, CT 06601

US Bank National Association as Trustee
c/o Richard M. Squire & Associates, LLC
115 West Avenue
Suite 104
115 West Avenue
Jenkintown,PA 19046-2031

SYNCB/Lowes
PO Box 965005
Orlando, FL 32896-5005
SW Credit Systems
4120 International Pkwy Ste 1100
Carrollton, TX 75007-1958

The Bank of New York Mellon
c/o Buckley Madole, P.C.
420 Lexington Ave Rm 840
New York, NY 10170-0840

Max Reinhardt. Esq
The Legal Aid Society – Civil Practice
Bronx Neighborhood Office – Housing Unit
260 East 161st Street, Floor 8
Bronx, NY 10451

Wesley M. Meyer
Buckly Madole, P.C.
PO Box 9013
Addison, TX 75001

Veripro Solutions, Inc
PO Box 3572
Coppell, TX 75019-9572

Wells Fargo Bank
PO Box 10335
Des Moines, IA 50306-0335

Weinstein & Riley, BK Svcs
2001 Western Ave# 400
Seattle, WA 98121-3132

Wilmington Savings Fund Society, FSB
c/o Knuckles, Komosinski & Manfro, LLP
565 Taxter Rd Ste 590
Elmsford, NY 10523-2300

Wilmington Savings Fund Society, FSB
c/o Rushmore Loan Management Services
PO BOX 55004
Irvine, CA 92619

Deborah J. Piazza, Esq.
TARTER KRINSKY & DROGIN LLP
1350 Broadway, 11th Floor
New York, New York 10018

U.S. Bank National Association
Nationstar Mortgage LLC
PO Box 619096
Dallas, TX 75261-9741

Village of Shadyside Community Assoc
c/o Arnheim & Neely, Inc
425 N Craig St Ste 100
Pittsburgh, PA  15213-1187

Wells Fargo Bank
PO Box 10335
Des Moines, IA  50306-0335

Wilmington Savings
c/o Knuckles, Komosinski & Manfro, LLP
565 Taxter Rd Ste 590
Elmsford, NY  10523-2300

160 East 89th Street Realty Corp.
c/o Borah Goldstein Alshuler Nahins & Goidel PC 377
Broadway, 6th Floor
New York, NY 10013-6020

Kerri Ann Hofer
Richard N Hofer
20 SHANNON LANE, COS COB, CT 06807

62-64 Bank Street, LLC
20 SHANNON LANE, COS COB, CT 06807

John D Tower
CRAMER & ANDERSON LLP
51 Main Street
New Milford, CT 06776
Attorney for Plaintiff

BELKIN • BURDEN • GOLDMAN LLP
Attorneys fotiliJudgment Creditor
One Grand Central Place
60 East 42nd Street, 16th Floor
New York, 144w York 10165

John J. Marshall
6800 Paragon Place, Suite 202
Richmond, VA 23230-1656

Fischer and Burstein, P.C.
99 Park Avenue, Suite 1100
New York, New York 10016

Fischer and Burstein, P.C.
118-35 Queens Blvd Suite 1210
Forest Hills, NY 11375

Roman Grutman, Esq., Esq.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
900 Merchants Concourse, Westbury, NY 11590

Robert Williams, Esq.
Hladik, Onorato & Federman, LLP
Addr 1451 Chews Landing Rd Ste100
Laurel Springs, NJ 08021