IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Alfonso Amelio,<br>    Debtor(s),<br><br>Alfonso Amelio,<br>    Movant(s),<br><br>        v.<br><br>America's Servicing Co, American Agencies, American Tax Funding, LLC, Ameriquest Mortgage Co, ASC Collections, BAC Home Loans Servicing f/k/a Countrywide Home Loans Servicing, Bank of America, NA, CIT Bank, NA, City of Middletown, CountryWide Home Loans, Discover Bank, Deutsche Bank National Trust, EMC Mortgage, LLC, Federal National Mortgage, First Horizon, First Tennessee Bank, Nat'l Asso, Fischer and Burstein, PC, Harry Burstein, Homeq, Homeward Residential, IndyMac Bank, Paul MacPherson, MTGLQ Investors, LP, Nationstar Mortgage, NS161, LLC, Ocwen Loan Servicing, Jeanne Omlor, One West Bank, Partners Trust Bank, Pellegrino & Feldstein, L.L.C., PNC Bank, Quicken Loans, Randolph Township, Real Time Resolutions, Rushmore Loan Management Services, LLC, Saxton Mortgage Services, SBU Bank, SYNCB/Lowes, The Bank of New York Mellon, The Bank of New York Mellon f/k/a The Bank of New York as successor interest to JPMorgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Investments II Inc., Bear Stearns ALT−A Trust, Mortgage, The Bank of New York Mellon f/k/a The Bank of New York as successor Indenture trustee to JPMorgan Chase Bank, National Association for CWHEQ Revolving Home Equity Loan Trust, Series 2005−D, U.S. Bank National Association, U.S. Trustee, Veripro Solutions, Inc, Village of Shadyside Community Asso, Wells Fargo Bank, Wilmington Savings Fund Society, FSB d/b/a Christiana Trust, not individually but as trustee for Carlsbad Funding Mortgage Trust, AEJ 160 E 89th LLC, Ally Financial, Aldridge Pite, LLP, American Express Centurion Bank, John J. Marshall, 62-64 Bank Street, LLC, Tarter Krinsky & Drogin LLP, Ronda J. Winnecour, Trustee,<br><br>        Respondent(s). | Bankruptcy No. 24-22467-GLT<br><br>Chapter: 13<br><br>FILED<br>12/9/2024 4:45PM<br>CLERK<br>U.S. BANKRUPTCY<br>COURT - WDPA |

## AMENDED NOTICE OF APPEAL AND STATEMENT OF ELECTION

**Part 1: Identify the appellant**

1. Name of appellant:

      Alfonso Amelio

2. Position of appellant in the bankruptcy case that is the subject of this appeal:

      Debtor: Amelio Amelio

**Part 2: Identify the subject of this appeal**

      1. Describe the judgment, order, or decree appealed from:

Order Dismissing Case [Bankr. Docket No. 44] after decision on Motion for reconsideration [Bankr. Docket No. 55] on 11/8/24, attached as Exhibit 1

2. State the date on which the judgment, order, or decree was entered:
Order Entered October 11, 2024 (Signed October 11, 2024) after decision on Motion for reconsideration [Bankr. Docket No. 55] on 11/8/24, attached as Exhibit 1

**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment, order, or decree appealed from and the names,

addresses, and telephone numbers of their attorneys:

Ronda J. Winnecour
Suite 3250, USX Tower
600 Grant Street
Pittsburgh, PA 15219
Chapter 13 Trustee
Phone: 412-471-5566

U.S. Trustee
Office of the United States Trustee
Liberty Center
1001 Liberty Avenue, Suite 970
Pittsburgh, PA 15222
Phone: 412-644-4756

**Part 4: Optional election to have appeal heard by District Court**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate

Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the

appeal heard by the United States District Court.

*Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel. Debtor demands trial by jury.*

Dated: December 9, 2024            <u>*/s/ Alfonso Amelio*</u>
                                                      Alfonso Amelio, Respondent Pro Se
                                                      37 Main Street #337
                                                      New Milford, CT 06776

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Bankruptcy No. 24-22467-GLT |
| | ) | |
| Alfonso Amelio, | ) | Chapter: 13 |
|     Debtor(s), | ) | |
| | ) | |
| Alfonso Amelio, | ) | |
|     Movant(s), | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| America's Servicing Co, American Agencies, American Tax Funding, LLC, Ameriquest Mortgage Co, ASC Collections, BAC Home Loans Servicing f/k/a Countrywide Home Loans Servicing, Bank of America, NA, CIT Bank, NA, City of Middletown, CountryWide Home Loans, Discover Bank, Deutsche Bank National Trust, EMC Mortgage, LLC, Federal National Mortgage, First Horizon, First Tennessee Bank, Nat'l Asso, Fischer and Burstein, PC, Harry Burstein, Homeq, Homeward Residential, IndyMac Bank, Paul MacPherson, MTGLQ Investors, LP, Nationstar Mortgage, NS161, LLC, Ocwen Loan Servicing, Jeanne Omlor, One West Bank, Partners Trust Bank, Pellegrino & Feldstein, L.L.C., PNC Bank, Quicken Loans, Randolph Township, Real Time Resolutions, Rushmore Loan Management Services, LLC, Saxton Mortgage Services, SBU Bank, SYNCB/Lowes, The Bank of New York Mellon, The Bank of New York Mellon f/k/a The Bank of New York as successor interest to JPMorgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Investments II Inc., Bear Stearns ALT−A Trust, Mortgage, The Bank of New York Mellon f/k/a The Bank of New York as successor Indenture trustee to JPMorgan Chase Bank, National Association for CWHEQ Revolving Home Equity Loan Trust, Series 2005−D, U.S. Bank National Association, U.S. Trustee, Veripro Solutions, Inc, Village of Shadyside Community Asso, Wells Fargo Bank, Wilmington Savings Fund Society, FSB d/b/a Christiana Trust, not individually but as trustee for Carlsbad Funding Mortgage Trust, AEJ 160 E 89th LLC, Ally Financial, Aldridge Pite, LLP, American Express Centurion Bank, John J. Marshall, 62-64 Bank Street, LLC, Tarter Krinsky & Drogin LLP, Ronda J. Winnecour, Trustee, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
|     Respondent(s). | ) | |

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that I served above captioned pleading, NOTICE OF APPEAL AND DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL, via electronic and/or USPS First Class Mail on the parties at the addresses specified below and attached service list.

Dated: December 9, 2024                    Respectfully submitted,

*/s/ Alfonso Amelio*
Alfonso Amelio, Debtor Pro Se
37 Main Street #337
New Milford, CT 06776
Ph: 412-612-6774

<u>Via electronic and/or First-Class US Mail</u>
Attached Service list

Ronda J. Winnecour
Suite 3250, USX Tower
600 Grant Street
Pittsburgh, PA 15219
*Chapter 13 Trustee*

U.S. Trustee
Office of the United States Trustee
Liberty Center
1001 Liberty Avenue, Suite 970
Pittsburgh, PA 15222

# EXHIBIT 1

Case 24-22467-GLT    Doc 68    Filed 10/11/24    Entered 10/11/24 16:59:25    Desc Main
Document    Page 7 of 13

FILED
10/11/24 3:44 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 24-22467-GLT |
| **ALFONSO AMELIO**, | Chapter 13 |
| *Debtor*. | Related to Dkt. No(s).1, 26, 42 |

### ORDER DISMISSING BANKRUPTCY CASE
### FOR FAILURE TO PAY FILING FEE

The Debtor, Alfonso Amelio, initiated this case on August 26, 2024 by filing a voluntary petition for chapter 13 relief in the U.S. Bankruptcy Court for the Middle District of Florida.[1] At his request, the case was transferred to the Western District of Pennsylvania on October 7, 2024.[2] This is now the third case the Debtor has pursued in this venue and represents his seventh bankruptcy case during the past 11 years.[3]

The Debtor requested the ability to pay the filing fee in installments. His request was granted and the first installment of $71 was due on September 25, 2024 via cashier's check or money order.[4] After review of the docket in this case, the Court finds that the initial installment was not timely received by the Court in either Florida or Pennsylvania. Because the August 28, 2024 Order warned that the case would be dismissed upon nonpayment, the Debtor was aware of the consequence for failing to adhere to the payment schedule. For these reasons, the Court finds cause to dismiss the bankruptcy case.

The Debtor is no stranger to the bankruptcy courts, and thus it is appropriate to consider whether the dismissal should be with prejudice. Previously, this Court determined that

---

[1] Dkt. No. 1.
[2] Dkt. No. 42
[3] See also Case Nos. 20-23552; 21-22269. In addition, the Debtor previously filed at least four prior cases in the Southern District of New York and the District of Connecticut. See In re Alfonso Amelio, Case No. 13-10982 (Bankr.S.D.N.Y), 14-13272 (Bankr.S.D.N.Y.); 16-10236 (Bankr.S.D.N.Y.); 20-50999 (Bankr.D.Ct.).
[4] See Dkt. No. 7.

{00035586 - 10/11/2024 03:23 PM}

Debtor's serial bankruptcy filings and his failure to proceed in good faith constituted an abuse of the bankruptcy system. Accordingly, the Court dismissed Case No. 20-23552 with prejudice and instituted a two-year filing bar on October 20, 2021.[5] Knowing that the Court was considering a filing bar, the Debtor filed a new bankruptcy case on October 18, 2021 and neglected to pay the case filing fee.[6] The Court subsequently dismissed the 2021 case, but the filing fee was never satisfied.[7] The Debtor then appealed the dismissal of Case No. 21-22269 to the District Court, yet once again failed to pay the fees associated with the appeal despite several extensions to do so.[8] To the Court's knowledge, those fees remain unpaid to this day.

After considering these facts, it appears the Debtor repeatedly seeks to avail himself of the bankruptcy courts without adhering to his obligations to pay the necessary fees. Because it is clear this is part of a pattern of abuse, the Court finds it appropriate to dismiss the current case with prejudice and will impose a 90-day bar against re-filing.

To the extent the Debtor cures the defect, the Court will entertain a motion for reconsideration filed within 14 days of this Order, provided that:

(a) Payment of the remaining balance of the case filing fee in the amount of $313 is received by the Clerk of this Court via cashier's check or money order within 14 days of this Order; and

(b) Within 14 days of this Order, the Debtor separately files an amended chapter 13 plan that complies with W.Pa.LBR 3015-1 and is in substantial conformity with Local Bankruptcy Form 10 (Chapter 13 Plan).

---

[5] Case No. 20-23552, Dkt. No. 207.
[6] Case No. 21-22269.
[7] Case No. 21-22269, Dkt. No. 8.
[8] Case No. 21-22269, Dkt. No. 29.

The Debtor is further advised that, based on his past conduct and inability to attend prior proceedings, he shall not be afforded the privilege of participating in bankruptcy proceedings remotely. In any case pending before this Court, Alfonso Amelio shall be expected to attend every hearing, conciliation, and section 341 meeting of creditors *in person*.

Based upon the foregoing, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. The Debtor's case is hereby **DISMISSED WITH PREJUDICE**. Pursuant to 11 U.S.C. §§ 105(a) and 349(a) and applicable law, the Debtor, Alfonso Amelio, is hereby prohibited and enjoined from filing another bankruptcy case for a period of 90 days from the date of this Order.

2. The Debtor shall remain legally liable for all his debts as if the bankruptcy petition had not been filed. Creditor collection remedies are reinstated pursuant to 11 U.S.C. § 349. Creditors are directed to 11 U.S.C. § 108(c) for time limits on filing a lawsuit to collect. Generally, a creditor's lawsuit must be filed before either (a) the time deadline imposed by state law, or (b) 30 days after date of this Order, whichever is later.

3. This case is to be administratively closed as of the effective date. The Court shall retain jurisdiction over the trustee's final report and account, as well as the trustee's certificate of distributed funds. Following submission of a final accounting and certification of distributed funds, the trustee shall be deemed discharged from her duties in this case and this case shall be deemed closed without further Order of Court.

Dated: October 11, 2024

_____
GREGORY L. TADDONIO, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

Case administrator to mail to:
Debtor

Case 24-22467-GLT    Doc 58    Filed 11/08/24    Entered 11/08/24 09:09:35    Desc Main
Document     Page 1 of 4                    FILED
                                            11/8/24 8:47 am
                                            CLERK
                                            U.S. BANKRUPTCY
                                            COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: : | Case No. 24-22467-GLT |
| : | Chapter 13 |
| **ALFONSO AMELIO**, : | |
| : | |
| *Debtor*. : | Related to Dkt. Nos. 45, 53 |
| : | |

### ORDER SCHEDULING HEARING ON
### MOTION FOR RECONSIDERATION

The debtor, Alfonso Amelio, seeks reconsideration of the Court's October 11, 2024 order dismissing his case with prejudice.[1] He initiated the case on August 26, 2024 by filing a voluntary chapter 13 petition in the U.S. Bankruptcy Court for the Middle District of Florida. At his request, that Court transferred the case to the Western District of Pennsylvania on October 7, 2024. When the Debtor failed to timely pay the chapter 13 filing fee, the Court dismissed this case with prejudice, citing his poor past performance before this Court.[2] Nevertheless, the Court indicated that it would entertain a motion for reconsideration filed within 14 days of dismissal if the Debtor: (1) paid the filing fee in full; and (2) filed an amended plan that is in substantial conformity with Local Bankruptcy Form 10.[3] Although the Debtor promptly cured these deficiencies and filed the motion, other issues indicative of bad faith remain and must be rebutted for this case to be reinstated.

First off, the present case is the Debtor's seventh *pro se* chapter 13 case in the last 11 years. All have been dismissed without meaningful progress.[4] Only one was filed in the

---

[1] *Motion for Reconsideration Pursuant to Rule 59(e) of Order Dismissing Bankruptcy Case for Failure to Pay Filing Fee (Doc 45)*, Dkt. No. 50.

[2] *Order Dismissing Bankruptcy Case for Failure to Pay Filing Fee*, Dkt. No. 45.

[3] Id.

[4] See Case No. 24-05039-CED (Bankr. M.D. Fla.) (transferred to the Western District of Pennsylvania upon the Debtor's request to avoid having to file documents in person); Case No. 21-22269-GLT (Bankr. W.D.

District of Connecticut where he resides. The others were filed in the Southern District of New York, the Middle District of Florida, and the Western District of Pennsylvania, which is curious because the Debtor alleges that travel is a hardship.[5] In the Court's experience, his insistence on this venue has produced nothing but a self-defeating pattern of delay. Given the inauspicious results to date, that might be the point. Absent further explanation, the Court perceives the Debtor's desire to proceed in this district, as opposed to the District of Connecticut, as evidence of bad faith.

Next, the Debtor should know that he is ineligible for chapter 13 relief based on the secured debt limit, raising questions about the good faith of his petition, schedules, and plan. On *Schedule A/B*, the Debtor disclosed 25 real property interests located in New York, New Jersey, Pennsylvania, Connecticut, Virginia, and Florida.[6] On *Schedule D*, he listed 27 creditors with claims secured by these properties in an "unknown" amount, nearly all of which he marked "disputed."[7] The Debtor does not provide for the payment of any secured claims through his plan.[8] In fact, his plan only provides for monthly payments of $102.55 for sixty-months, yielding an estimated dividend of .42% to unsecured creditors.[9]

---

Pa.) (chapter 13 dismissed due to filing bar entered in prior case); Case No. 20-23552-GLT (Bankr. W.D. Pa.) (chapter 13 dismissed for abuse with two-year filing bar); Case No. 20-50999 (Bankr. D. Conn.) (chapter 13 dismissed for failure to pay the filing fee); Case No. 16-10236-jlg (Bankr. S.D.N.Y.) (chapter 13 converted to chapter 11 due to exceeding the debt limit before being dismissed under 11 U.S.C. § 1112(b)(4) with a 18-month filing bar); Case No. 14-13272-jlg (Bankr. S.D.N.Y.) (dismissed due to ineligibility for debts exceeding chapter 13 debt limit); Case No. 13-10982-shl (Bankr. S.D.N.Y.) (chapter 13 dismissed for failure to make plan payments and file documents).

[5] See, e.g., *Debtor's Motion to Transfer Case to Western District of Pennsylvania Bankruptcy Court, Pursuant to 28 U.S.C. § 1412 and FRBP Rule 1014*, Dkt. No. 19 at ¶¶ 4-6.

[6] *Schedule A/B: Property*, Dkt. No. 22 at 3-16.

[7] *Schedule D: Creditors Who Have Claims Secured by Property*, Dkt. No. 22 at 25-34.

[8] *Chapter 13 Plan dated October 25, 2024*, Dkt. No. 49.

[9] Id.

2

Although the claims bar date had not yet passed when this case was dismissed, creditors have already filed roughly $247,574 in secured claims.[10] Moreover, secured creditors asserting an additional $2,635,474 filed objections to confirmation,[11] suggesting that secured claims exceed the $2,750,000 debt limit by at least $133,048.[12] But the Court observes that secured claims totaling more than $4,000,000 were filed in the Debtor's 2020 case,[13] just under $4,000,000 in his 2016 case,[14] and roughly $3,000,000 in his 2014 case.[15] The Debtor unsuccessfully objected to many secured claims in both the 2014 and 2016 cases, casting doubt on his ability to achieve a different outcome now. With this background, the Debtor's serial chapter 13 filings appear to serve no purpose other than to frustrate and delay his known creditors.

Ultimately, the Debtor must demonstrate his eligibility and a good faith commitment to a prompt reorganization to convince the Court to reinstate the case and/or vacate the 90-day filing bar. This will necessarily require a detailed explanation of how he would fund a confirmable plan of reorganization. Moreover, as the Court advised in its dismissal order, the Debtor shall not be afforded the privilege of remote participation in proceedings before this Court due to his past conduct. To be clear, this means that Alfonso Amelio shall be expected to attend every hearing, conciliation, and section 341 meeting of creditors in person.[16]

---

[10]   See *Claims Register*, Case No. 24-22467-GLT.

[11]   See *Objection to Confirmation of Debtor's Chapter 13 Plan*, Dkt. No. 35 at ¶ 4; *Objection to Confirmation of Debtor's Chapter 13 Plan*, Dkt. No. 37 at ¶ 4; *Objection to Confirmation of Chapter 13 Plan*, Dkt. No. 39 at ¶ 3.

[12]   See 11 U.S.C. § 109(e).

[13]   See *Claims Register*, Case No. 20-23552-GLT.

[14]   See *Claims Register*, Case No. 16-10236-jlg (Bankr. S.D.N.Y.).

[15]   See *Claims Register*, Case No. 14-13272-jlg (Bankr. S.D.N.Y).

[16]   The Court notes that this should not be a problem since he told the U.S. Bankruptcy Court in the Middle District of Florida that he "resides in Pittsburgh on a regular basis." *Debtor's Motion to Transfer Case to*

AND NOW, in light of the foregoing, **IT IS HEREBY ORDERED**, **ADJUDGED**, and **DECREED** that:

1. An **in-person** hearing is scheduled on the *Motion for Reconsideration Pursuant to Rule 59(e) of Order Dismissing Bankruptcy Case for Failure to Pay Filing Fee (Doc 53)* for **December 4, 2024 at 11:00 a.m.** in Courtroom A, 54th Fl., U.S. Steel Tower, 600 Grant St., Pittsburgh, Pennsylvania, 15219.

2. If the Debtor cannot appear in-person on that date, he shall within seven days of this order file a motion to continue the hearing that includes alternative dates for his in person appearance. After 7 days, the Court will only consider a continuance upon a showing of egregious harm caused by circumstance outside the Debtor's control.

3. If the Debtor fails to appear in-person at the scheduled hearing, the Court shall: (1) deny the motion for reconsideration with prejudice; and (2) impose a two-year filing bar against any future bankruptcy filings.

4. The Debtor may, but need not, file a written response to this order prior to the hearing.

5. **For the avoidance of doubt, the automatic stay is not in effect and shall not take effect until further order of this Court**.

ENTERED at Pittsburgh, Pennsylvania.

Dated: November 8, 2024

GREGORY L. TADDONIO
CHIEF UNITED STATES BANKRUPTCY JUDGE

Case administrator to mail to:
Debtor

---

*Western District of Pennsylvania Bankruptcy Court, Pursuant to 28 U.S.C. § 1412 and FRBP Rule 1014*, Dkt. No. 19 at 11.

4